IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD W. MIGLIORE, J.D.,**<br>          Plaintiff,<br><br>          v.<br><br>**ROBERT L. ARCHIE, JR., ESQUIRE,**<br>Chairman;<br>**DENISE MCGREGOR ARMBRISTER;**<br>**JOSEPH A. DWORETZKY, ESQUIRE;**<br>**LUCY FERIA, Regional Superintendent;**<br>**JAMES DOUGLASS, Assistant Regional**<br>**Superintendent;**<br>**ESTELLE G. MATTHEWS, Chief Talent**<br>**Development Officer;**<br>**ANDREW ROSEN, ESQUIRE, Human**<br>**Resources Representative;**<br>**ARLENE ACKERMAN, Superintendent;**<br>**THE SCHOOL DISTRICT OF**<br>**PHILADELPHIA;**<br>**THE SCHOOL REFORM COMMISSION;**<br>**JOHNNY IRIZARRY;**<br>**MARY SANDRA DEAN, Principal;**<br>          Defendants. | **CIVIL ACTION**<br><br><br><br>NO.  11-4018 |

DuBois, J.                                                                                                              June 17, 2014

**M E M O R A N D U M**

I.      INTRODUCTION

This case involves the free-speech and due-process rights of a former public school assistant principal, plaintiff Richard Migliore.  Presently before the Court is Plaintiff's Motion for Judgment Pursuant to Federal Rule of Civil Procedure 54(b), which, for the reasons set forth below, the Court construes as a Motion for Reconsideration of the Court's Memorandum and Order dated August 12, 2013.  For the reasons that follow, Migliore's Motion is denied.

**II.     BACKGROUND**

The background of this case is set forth in detail in the Court's Memorandum and Order of August 12, 2013, denying plaintiff's Motion for Summary Judgment and granting in part and denying in part defendants' joint Motion for Summary Judgment,[1] *see Migliore v. Ackerman*, No. 11-cv-4018, 2013 WL 4079650 (E.D. Pa. Aug. 12, 2013), and will be recited in this Memorandum only as necessary to address the issues presented by Migliore's instant Motion.

In September 2009, Migliore submitted his notice of retirement following a dispute over whether he would be demoted from his position as an assistant principal. Following his notice of retirement, the School Reform Commission (SRC) held multiple hearings regarding the recommendation that Migliore be demoted from assistant principal. At the conclusion of the hearings, Commissioner Dworetzky "found that Migliore was not constructively discharged . . . . [and] recommended to the SRC that the SRC dismiss the matter without further hearing because Migliore had not been demoted prior to his retirement and had not been constructively discharged." Defs.' Stmt. of Undisputed Facts ¶ 107 (Document No. 20). By resolution dated June 15, 2011, the SRC resolved that Migliore retired from the School District effective June 30, 2009, and adopted the findings of Commissioner Dworetzky.

Migliore then appealed that decision to the Secretary of Education. After conducting a de novo review, the Secretary, by Order dated August 3, 2012, found that Migliore was not demoted or constructively discharged, but rather that he had voluntarily retired. Thus, the Secretary denied Migliore's appeal. On August 29, 2012, Migliore appealed to the Pennsylvania Commonwealth Court on several grounds, including whether Migliore's due-process rights were

---

[1] In that Memorandum and Order, the Court dismissed plaintiff's due-process and neglect-to-prevent claims, holding that "[t]he only claims remaining in the case are Migliore's First Amendment claims concerning his speeches and Book against all individual defendants in their personal capacity."

violated.  While his state-court case was pending, Migliore filed suit on June 20, 2011 in this Court against numerous defendants on the grounds that they retaliated against him in violation of his free speech rights, denied him due process, and failed to prevent wrongful acts against him.

After the parties had filed cross-motions for summary judgment in this case, but prior to the Court having ruled on those motions, defendants filed a Report on June 20, 2013, informing the Court that "[e]arlier th[at] week, the Commonwealth Court of Pennsylvania [had] filed an Order and an unreported opinion" in the state-court proceedings initiated by Migliore prior to the commencement of this federal lawsuit.  *See* Report at 1 (Doc. No. 26).  The Commonwealth Court held, in relevant part, that (1) Migliore was "demoted in fact," but no state law violation occurred because he voluntarily resigned before a hearing could be held, and (2) because Migliore was offered a hearing prior to his resignation, and because a hearing was eventually held, "Migliore was afforded due process."  *See Migliore v. School District of Phila.*, No. 1663 C.D. 2012, 2013 WL 3156533, at *4-*7 (Commw. Pa. June 18, 2013).

In light of that development, this Court, by Order dated July 1, 2013, directed "that on or before July 15, 2013, the parties, through counsel, . . . jointly report to the Court with respect to (1) the status of the state court proceedings, including whether plaintiff has appealed or intends to appeal the decision of the Commonwealth Court, and (2) what effect, if any, the decision of the Commonwealth Court has on this case."  Thereafter, on July 15, 2013, the parties filed a Joint Report, stating their respective positions.  *See* Joint Report of All Parties in Resp. to the Ct.'s Order Dated July 1, 2013 (Document No. 28).  Defendants argued in the Joint Report that the Court should give the Commonwealth Court's decision preclusive effect under the doctrine of issue preclusion. Migliore disagreed with this contention, asserting that the Commonwealth

3

Court's decision was "not final due to Migliore's pending request for reargument en banc,"[2] and, even should the decision become final, it "should [still] have no effect on the present case" because (1) "the First Amendment retaliation claims in this case were not and are not part of the Commonwealth case," (2) the Commonwealth Court's decision "directly conflicts with" prevailing case law and is "constitutionally infirm," and (3) in rendering its decision, "[t]he Commonwealth Court intentionally restricted its view on . . . th[e] issue of constructive discharge." *Id.* at 2-4.

After considering the parties respective arguments, this Court, by Memorandum and Order dated August 12, 2013, ruled against Migliore on this issue, holding that "[a]ll elements of issue preclusion with respect to Migliore's due process claims in this case ha[d] been satisfied," and "Migliore [was therefore] precluded from arguing in this action that his due process rights were violated." Thus, the Court, *inter alia*, granted defendants' Motion for Summary Judgment as to plaintiff's due-process claims. On January 23, 2013, the Supreme Court of Pennsylvania denied Migliore's Petition for Allowance of Appeal in a per curium decision without reasoning.

On February 18, 2014, Migliore filed the instant Motion, seeking judgment on Migliore's due-process claims, which Migliore acknowledges "w[ere] ruled as precluded in this Court's Memorandum of August 12, 2013." Pl.'s Mot. at 1. Migliore now argues that the Commonwealth Court's opinion not only *should* have preclusive effect, but should have preclusive effect *in his favor*. In short, Migliore argues that the Court should credit the part of the Commonwealth Court's decision that held that Migliore "had, in fact from been demoted from his position of assistant principal to that of teacher in July 2009," but the Court should disregard the remainder of the decision, in which the Commonwealth Court held that Migliore's

---

[2] The Commonwealth Court denied that request by Order dated July 29, 2014.

4

due-process rights had not been violated because a post-deprivation hearing was ultimately held.

## III.   DISCUSSION

At the outset, the Court must address which legal standard and procedural rule to apply to Migliore's Motion.  Although styled as a "Motion for Judgment Pursuant to Federal Rule of Civil Procedure 54(b)," Migliore's Motion seeks reconsideration of the Court's Memorandum and Order dated August 12, 2013.  It is well established that a party may not "avoid both the filing deadlines of a motion for reconsideration and the legal requirements of such a motion by disguising such a motion as an amended pleading or another motion." *State Farm Mut. Auto. Ins. Co. v. Mallela*, No. 00-cv-4923, 2002 WL 31946762, at *14 (E.D.N.Y. Nov. 21, 2002); *see also Favia v. Ind. Univ. of Pa.*, 7 F.3d 332, 338 (3d Cir. 1993) (noting that a court must "look beyond [a] motion's caption to its substance").  Thus, the Court will treat Migliore's Motion as a Motion for Reconsideration of the Court's August 12, 2013 Memorandum and Order.

Moreover, Migliore incorrectly invokes Rule 54(b) as the legal authority in support of his Motion.  Although there is disagreement between circuits on this issue,[3] the U.S. Court of Appeals for the Third Circuit has held that "[m]otions for reconsideration do not arise under Rule 54(b)." *Osei v. La Salle Univ.*, 493 F. App'x 292, 293 n.1 (3d Cir. 2012).  Accordingly, the Court properly construes Migliore's motion as one "invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Pellicano v. Blue Cross Blue Shield Ass'n*, 540 F. App'x 95, 97 n.2 (3d Cir. 2013).

---

[3] *Compare Osei v. La Salle Univ.*, 493 F. App'x 292, 293 n.1 (3d Cir. 2012) ("Motions for reconsideration do not arise under Rule 54(b)."), *with Moore v. Life Ins. Co. of N. Am.*, 278 F. App'x 238, 239 n.3 (4th Cir. 2008) ("The proper vehicle for Moore to have raised a motion to reconsider [an interlocutory order] was Rule 54(b) . . . ."); *see also Foster III v. Westchester Fire Ins. Co.*, No. 09-cv-1459, 2012 WL 2402895, at *4 n.1 ("There is considerable confusion about which rule of civil procedure provides the basis for motions for reconsideration . . . .").

Properly treated as a Motion for Reconsideration of the Court's Memorandum and Order dated August 12, 2013, plaintiff's Motion is both untimely and without merit. With respect to the former, Local Rule 7.1(g)[4] requires motions for reconsideration to "be served and filed within fourteen (14) days after the entry of the judgment, order, or decree concerned."[5] *See United States ex rel. Streck v. Allergan, Inc.*, 288 F.R.D. 88, 91 (E.D. Pa. 2012) (concluding that, where the plaintiff's "motion [was] properly treated as a motion for reconsideration," "[p]laintiff's motion [was] time-barred [because he] did not file his motion within Local Rule 7.1's fourteen-day time-limit"). Migliore filed the instant Motion not fourteen days, but six months after the Court issued the Memorandum and Order at issue. Thus, Migliore's Motion is untimely unless the Court departs from the Local Rules.

"[A] district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir. 2000). In this case, the Court concludes that there is no sound rationale for department from Local Rule 7.1(g). The only rationale Migliore has to

---

[4] Local Rule 7.1(g) has been recently amended, but the amendment does not implicate the issues in this case. As amended, Local Rule 7.1(g) reads, "Motions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order concerned, other than those governed by Federal Rule of Civil Procedure 59(e)."

[5] The Court notes that, to the extent Migliore is arguing that the time limitations in Local Rule 7.1(g) do not apply because of Rule 54(b)'s statement that an interlocutory order "may be revised *at any time* before the entry of a judgment" (emphasis added), this argument is without merit. *See, e.g.*, *Dudo v. Schaffer*, 93 F.R.D. 524, 529 (E.D. Pa. 1982). It is well established that this language in Rule 54(b) speaks only to a district court's inherent authority to reconsider an interlocutory order "at any time before the entry of a judgment," *not* requirements otherwise imposed on litigants who are requesting that the court do so. *See, e.g.*, *Church of Scientology Int'l v. Time Warner, Inc.*, No. 92-cv-3024, 1997 WL 538912, at *4 (S.D.N.Y. Aug. 27, 1997); *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. 10-cv-3517, 2011 WL 6837656, at *1-*2 (D. Md. Dec. 28, 2011); *Rispler v. Sol Spitz Co.*, No. 04-cv-1323, 2006 WL 3335056, at *1 (E.D.N.Y. Oct. 18, 2006).

explain this delay is that "the Commonwealth Court ruling [is] now subject to no possible further appeal," *see* letter to the Court dated February 18, 2014,[6] and "[t]his Court, in its previous opinion said that Migliore's due process claim[s] should proceed through the appeal process," *see* Pl.'s Reply to Defs.' Resp at 17.  This reasoning is unpersuasive and mischaracterizes the August 12, 2013 Memorandum and Order.

In the Memorandum and Order dated August 12, 2013, the Court expressly rejected Migliore's argument that the Court could not rule on the issue of preclusion during the pendency of Migliore's state-court proceedings and held that "[a] judgment is deemed final for purposes of *res judicata* or collateral estoppel unless or until it is reversed on appeal."  Further, although the Court stated that "[i]f the Commonwealth Court decision [was] overturned on appeal, this Court w[ould] entertain a motion for reconsideration," there has been no such development.  Indeed, what has transpired in the interim is precisely the opposite: the Commonwealth Court's decision has been affirmed.

Likewise, the Court rejects Migliore's contention that reconsideration is appropriate at this juncture because "[t]he parties had not submitted briefs on the preclusion issues prior to the August 12, 2013 ruling."  *See* Letter to the Court dated February 18, 2014.  That is untrue.  As Migliore himself concedes, prior to rendering the August 12, 2014 ruling, "the Court . . . request[ed] the position of the parties as to whether there was any preclusive effect."  *Id.*  Migliore did so — providing, in the Joint Report, two pages of argument as to why the Commonwealth Court's decision should have no preclusive effect.  Further, in that Joint Report, Migliore expressly declined to join defendants' request "to present a short brief to the Court on

---

[6] A copy of this letter will be docketed by the Deputy Clerk.

7

these issues." Joint Rep. at 5.[7]  Thus, the Court logically concluded that the two pages of argument that Migliore included in the Joint Report fully set forth his position on the legal issue of preclusion to the extent he wished to provide it.[8]

Finally, even assuming *arguendo* that Migliore's Motion was timely filed, a motion for reconsideration is not a proper basis for advancing new arguments inconsistent with those previously taken, absent some compelling circumstance, such as an intervening change in law. *See, e.g.*, *McNeal v. Maritank Phila., Inc.*, No. 97-cv-0890, 1999 WL 80268, *4 (E.D. Pa. Jan. 29, 1999) ("A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion."). In this case, Migliore has not only raised new arguments, but he has raised new arguments wholly inconsistent with his prior position that no part of the Commonwealth Court's decision should ever have any "effect on the present case." These are not appropriate grounds for reconsideration.

## IV. CONCLUSION

Because the Motion is untimely and the Court concludes that there are no grounds for the Court to reconsider its Memorandum and Order dated August 12, 2013, Migliore's Motion is

---

[7] *See* Joint Report of All Parties in Resp. to the Ct.'s Order Dated July 1, 2013 at 5 (Document No. 28) ("Defendants' request an opportunity to present a short brief to the Court on these issues. . . . Plaintiff does not join in this request, but would submit a brief on these issues if the court so desires."). The Court did not deem it necessary to grant defendants' request before ruling in their favor, however, it certainly would have granted a like request by Migliore.

[8] To the extent that Migliore is arguing that he did not understand that the Court would reach the preclusion issue in ruling on the parties' cross-motions for summary judgment, the Court rejects this position. The Court necessarily could not grant summary judgment in favor of Migliore with respect to his due-process claims without first deciding the preclusive effect, if any, of the Commonwealth Court's decision. Finally, if Migliore believed the Court erred in its Memorandum and Order dated August 12, 2013, either in reaching or deciding any issue, Migliore had the opportunity to move for reconsideration within the fourteen-day timeframe provided by Local Rule 7.1(g), and he did not do so.

denied.  An appropriate order follows.