IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD W. MIGLIORE, J.D.,**<br>Plaintiff,<br><br>v.<br><br>**LUCY FERIA, Regional Superintendent,**<br>**ANTHONY ANTOGNOLI, Personal**<br>**Representative of the Estate of Arlene**<br>**Ackerman,**<br>**JAMES DOUGLASS, Assistant Regional**<br>**Superintendent,**<br>**ESTELLE G. MATTHEWS, Chief Talent**<br>**Development Officer,**<br>**ANDREW ROSEN, ESQUIRE, Human**<br>**Resources Representative,**<br>**THE SCHOOL DISTRICT OF**<br>**PHILADELPHIA, and**<br>**MARY SANDRA DEAN, Principal,**<br>Defendants. | **CIVIL ACTION**<br><br><br><br>NO.  11-4018 |

**DuBois, J.**                                                                                          September 21, 2015

**M E M O R A N D U M**

### I.    INTRODUCTION

Presently before the Court is plaintiff Richard Migliore's ("Migliore") Motion for Reconsideration of His Due Process Clause Claims (hereinafter "Second Motion for Reconsideration" or "Second Motion"), filed September 9, 2015. For the reasons set forth below, the Court denies the Motion.

### II.   BACKGROUND

The background of this case is set forth in detail in the Court's Memorandum and Order of August 12, 2013, denying plaintiff's Motion for Summary Judgment and granting in part and denying in part defendants' Motion for Summary Judgment. *Migliore v. Ackerman*, No. 11-4018,

2013 WL 4079650 (E.D. Pa. Aug. 12, 2013). This Memorandum recites only the facts and procedural history relevant to the Second Motion for Reconsideration.

Migliore was a teacher in the Philadelphia School District ("School District") for many years, beginning in 1975. In 1993, Migliore was promoted to the position of assistant principal and, in 2006, was assigned to Mastbaum Vocational/Technical School. While he was employed by the School District, Migliore wrote a book titled "Whose School is It? The Democratic Imperative for Our Schools," which was published in 2007. The book advocates for the adoption of democratic practices in school governance and is critical of the School District and the School Reform Commission ("SRC"). Migliore addressed the SRC on two separate occasions, August 8, 2007, and August 23, 2008, concerning his ideas for democratic school governance, during which he referred frequently to his book.

On May 29, 2009, defendant Mary Sandra Dean, then the principal at Mastbaum, issued a disciplinary memorandum, which stated that Migliore had been "consistently negligent in the performance of his duties as an assistant principal" and recommended that he be demoted from the position of assistant principal to that of classroom teacher. On June 25, 2009, assistant regional superintendent James Douglass participated in a "secondary conference" with Migliore regarding Dean's demotion recommendation. Douglass subsequently issued a "Record of Conference," which recommended that Migliore be demoted from his position as assistant principal. After the June 25, 2009 conference, Migliore turned in his keys upon Dean's request and moved all of his belongings out of his Mastbaum office.

On July 23, 2009, Migliore received an email from School District's Office of Professional Staffing which stated that they had been "notified of your demotion from assistant principal at Mastbaum High School." Migliore responded that this was "interesting to hear since

I have not been given official notice yet and this situation was very much in controversy." The Office of Professional Staffing responded that "we were told this was final, but we don't always get the correct information. I would advise you to choose a location [to work as a teacher], and you can always give it up later in the summer if things work out." Milgiore later sent that office an e-mail stating that he did not wish to choose a teaching position because, "[a] demotion can not take place without a vote of the School Reform Commission . . . . I have not yet been demoted and do not expect to be." On July 29, 2009, Migliore received a form titled "Assignment Introduction," which Migliore claims officially assigned him to a position as a teacher.

On August 14, 2009, Migliore received a letter from then-School District Superintendent Arlene Ackerman and then-Chairman of the SRC Robert L. Archie, Jr., which summarized Dean's disciplinary memorandum of May 29, 2009, and related prior memoranda regarding Migliore's job performance, and informed Migliore that Ackerman and Archie would "recommend to the School Reform Commission that you be demoted to the position of teacher." The letter advised Migliore that he was "entitled to request a hearing before the School Reform Commission" and set August 25, 2009, as the date of the hearing.

On August 18, 2009, Migliore sent a letter to Francis Bielli, Assistant General Counsel for the School District, requesting a hearing and stating his intent to appeal the recommendation that he be demoted. Bielli notified Migliore that the hearing previously scheduled for August 25, 2009, would be postponed, and that he would request available dates for a future hearing from the SRC Commissioners. However, before a new hearing could be scheduled, Migliore submitted notification of retirement on August 31, 2009. In his retirement notification, Migliore stated that his last day of work was June 30, 2009, and that his position was assistant principal.

On September 3, 2009, the Retirement Department for the School District sent Migliore a letter to "acknowledge [his] retirement from [his] position with the School District of Philadelphia at the close of business June 30, 2009."

Following Migliore's retirement, by letter dated September 14, 2009, Bielli initially informed plaintiff that a hearing before the SRC would not be held because Migliore had waived his right to a hearing of the impending demotion when he retired from the School District. However, after Migliore filed a "Petition to Proceed" with the SRC, the SRC granted Migliore's request to proceed with scheduling a hearing. The SRC ultimately held hearings on May 25, 2010, September 14, 2010, September 29, 2010, and January 6, 2011. At the conclusion of the hearings, the SRC Commissioner who presided over the hearings "recommended to the SRC that the SRC dismiss the matter without further hearing because Migliore had not been demoted prior to his retirement and had not been constructively discharged." Because of this finding, the Commissioner did not address in his recommendation the merits of the allegations concerning Migliore's job performance or the recommendation of demotion contained in the August 14, 2009, letter signed by Ackerman and Archie. On June 15, 2011, the SRC voted unanimously to adopt the findings of the Commissioner and passed a Resolution stating that Migliore had retired from the School District effective June 30, 2009.

Migliore appealed the decision of the SRC to the Pennsylvania Secretary of Education. The Secretary completed a de novo review and issued an Order dated August 3, 2012, denying Migliore's appeal on the basis that Migliore was not demoted or constructively discharged, but instead had voluntarily retired.

Migliore appealed the Secretary's decision to the Commonwealth Court of Pennsylvania. *See Migliore v. School District of Phila.*, 1663 C.D. 2012, 2013 WL 3156533 (Pa. Commw. Ct.

June 18, 2013) (hereinafter "Commw. Ct. Decision"). Migliore raised a number of issues in his appeal, including the question whether his due process rights were violated by the School District and the SRC. In reviewing the Secretary's decision, the Commonwealth Court found that Migliore was demoted in violation of Pennsylvania tenure law, but concluded that Migliore nonetheless was not entitled to a remedy under state law because he voluntarily retired and was not constructively discharged. Commw. Ct. Decision at *4-5. The Commonwealth Court also considered a separate procedural due process claim and concluded that "Migliore was afforded due process." *Id.* at *7. Migliore's request for reargument was denied on July 29, 2013. *Id.* His Petition for Allowance of Appeal to the Supreme Court of Pennsylvania was denied per curiam on January 21, 2014. *Migliore v. School District of Phila.*, 624 Pa. 668 (2014).

While his state court case was pending, on June 20, 2011, Migliore filed suit in this Court against the remaining defendants and others alleging due process and First Amendment claims. In ruling on the parties' cross motions for summary judgment, this Court, in a Memorandum and Order dated August 12, 2013, held that the Commonwealth Court decision precluded Migliore from re-litigating his due process claims in federal court. The Court found that "[a]ll elements of issue preclusion with respect to Migliore's due process claim in this case have been satisfied" and "Migliore is precluded from arguing in this action that his due process rights were violated." *Migliore v. Ackerman*, 2013 WL 4079650 at *10-11.

On February 18, 2014, six months after issuance of the August 12, 2013, Memorandum and Order, Migliore filed a Motion for Judgment Pursuant to Federal Rule of Civil Procedure 54(b), requesting reconsideration of his due process claims, which the Court will refer to in this Memorandum as his First Motion for Reconsideration. The Court denied plaintiff's First Motion for Reconsideration in a Memorandum and Order dated June 17, 2014. *Migliore v. Archie*, No.

11-4018, 2014 WL 2738222 (E.D. Pa. Jun. 17, 2014). In that Order, this Court rejected Migliore's then-newly-raised argument that the Commonwealth Court's opinion should have preclusive effect only to the extent that the Commonwealth Court found his demotion to be legally ineffective. Instead, this Court held that preclusive effect must also be given to the Commonwealth Court's separate holding that "Migliore's due-process rights had not been violated." *Id.* at *2.

As part of the pretrial process on Migliore's remaining claims unrelated to the due process claims at issue in the Second Motion for Reconsideration, this Court issued an Order on June 16, 2015, ruling on plaintiff's six Motions in Limine (hereinafter "the June 16, 2015, Order"). In that Order, the Court, *inter alia*, granted plaintiff's Second Motion in Limine and precluded defendants "from arguing at trial that [Migliore's] reassignment from the position of assistant principal to that of a teacher by the administrative staff of the School District of Philadelphia was a 'legal demotion.'" That decision was based, in part, on the Court's conclusion that, as a matter of law, School District officials "did not comply with the relevant provisions of Pennsylvania tenure law" when Migliore was demoted and that therefore defendants could not argue otherwise at trial. In doing so, the Court cited the Commonwealth Court's decision that Migliore's demotion was "legally ineffective because the SRC did not hold a hearing prior to his demotion." Commw. Ct. Decision at *3-4.

Following the June 16, 2015 Order, Migliore filed his Second Motion for Reconsideration on September 9, 2015. In summary, Migliore argues in the Second Motion that reconsideration of this Court's grant of summary judgment as to his due process claims is warranted because the June 16, 2015, Order is "recognition that Mr. Migliore was improperly

demoted by the administrative staff of the School District." Second Motion for Reconsideration at 6. The Court rejects this argument.

### III. DISCUSSION

At the outset, the Court must address the issue of the timeliness of this motion for reconsideration under Local Rule 7.1(g). Local Rule 7.1(g) requires motions for reconsideration to be "served and filed within fourteen (14) days after the entry of the judgment order or decree concerned." Migliore argues that reconsideration of the grant of summary judgment on his due process claims is necessary because the June 16, 2015, Order creates "the need to correct what we believe to have been a clear error of law and fact in order to prevent 'manifest injustice.'" Second Motion for Reconsideration at 3. Assuming this to be the case and that the time for filing the Second Motion did not begin to run until the June 16, 2015, Order, Migliore's motion is still untimely because it was filed on September 9, 2015, well beyond the fourteen day period for doing so under Local Rule 7.1(g).

"[A] district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir. 2000). In this case, as in this Court's decision on Migliore's First Motion for Reconsideration, the Court concludes that there is no basis for disregarding Local Rule 7.1(g). Migliore provides no justification for his delay in filing the Second Motion more than fourteen days after issuance of the June 16, 2015, Order. Nonetheless, the Court considers plaintiff's Second Motion for Reconsideration on the merits. Having done so, the Court concludes that there is no ground for reconsidering the grant of summary judgment on Migliore's due process claims.

On a motion for reconsideration, "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Migliore concedes that the first two grounds are not present in this case[1] and relies solely on the argument that reconsideration is necessary to "correct a clear error of law or fact [and] to prevent manifest injustice."

While Migliore raises other issues in his Second Motion for Reconsideration, the only new issue raised by Migliore that could not have been raised in his First Motion for Reconsideration is the effect of the June 16, 2015, Order. Based on the June 16, 2015, Order, Migliore contends that "[t]he Court now recognizes that the demotion was done in violation of state tenure law and was improper, 24 P.S. § 11-1127 et seq., and that the Pennsylvania Commonwealth Court had so ruled. These points . . . justify a review of the Court's prior ruling which had denied Mr. Migliore's his [sic] summary judgment motion and dismissed his Due Process Claims." Second Motion for Reconsideration at 3.

At the outset, the Court disagrees with Migliore's characterization of this Court's statement in the June 16, 2015, Order as a "new" basis for reconsideration. In ruling on plaintiff's Second Motion in Limine, this Court concluded that Migliore's demotion violated Pennsylvania law and cited the Commonwealth Court's 2013 opinion in which that court said the

---

[1] To the extent that Migliore argues that the parties' joint letter to the Court dated June 16, 2015, (Document No. 125) constitutes "new evidence," the Court rejects this argument. Migliore asserts that "the defendants . . . have finally agreed that 'Mr. Migliore was demoted in June of 2009.'" Second Motion for Reconsideration at 5. This is not new evidence. As discussed below, the Commonwealth Court determined that Migliore's demotion was in violation of the Pennsylvania tenure law in 2013, years prior to the joint letter.

same thing. In arguing that the June 16, 2015, Order was the first determination that his demotion was illegal, Migliore mischaracterizes the June 16, 2015, Order and ignores the similar ruling of the Commonwealth Court from 2013. In the 2013 decision, the Commonwealth Court addressed five different issues:

> (1) whether the District's administrative officers demoted Migliore in July 2009 in violation of the mandatory tenure provisions of the Public School Code of 1949; (2) whether the Code required the SRC and the Secretary to render a determination regarding the charges against Migliore; (3) whether the Secretary properly concluded that Migliore was not constructively discharged; (4) whether Migliore's due process rights were violated; and (5) whether SRC Commissioner Joseph A. Dworetzky's dual responsibilities as hearing officer in the Migliore matter and the Department's legal counsel on matters not involving the District constituted a conflict of interest or an appearance of impropriety, thereby violating Migliore's due process rights.

Commw. Ct. Decision at *1. The June 16, 2015, Order cited the Commonwealth Court's decision only as to the first issue—that Migliore's demotion violated the Pennsylvania tenure law—and reached the same conclusion. As a consequence, defendants were precluded from arguing at trial in this case that Migliore's demotion was lawful.

Significantly, the Commonwealth Court's decision was not limited to the question of whether Migliore's initial demotion was legal (Issue 1).[2] In addition to the substantive issues of Pennsylvania state law posed by his appeal of the Secretary's decision, the Commonwealth Court addressed the separate issue of whether Migliore received procedural due process (Issue 4). Commw. Ct. Decision at *7. In doing so, that court determined that Migliore was given notice and an opportunity to be heard and concluded that "Migliore was afforded due process." *Id.* This analysis was separate and distinct from the Commonwealth Court's analysis of Pennsylvania

---

[2] The Commonwealth Court in 2013 found that Migliore's demotion was legally ineffective (Issue 1) but also found that he did not have a remedy under the Pennsylvania tenure law because he voluntarily retired and was not "constructively discharged" (Issue 3). Commw. Ct. Decision at *3-5. Migliore has never asserted any claims based on state tenure law in this Court and even if he were to do so, this Court would be bound by the preclusive effect of the Commonwealth Court's decision on that issue, as discussed below.

tenure law. It is this determination of the Commonwealth Court that has issue preclusive effect in this case.

Migliore has pointed to no error in this Court's issue preclusion analysis giving preclusive effect to the Commonwealth Court's determination and barring him from re-litigating his procedural due process claims in this Court. As this Court held in 2013, the Commonwealth Court explicitly addressed and rejected Migliore's procedural due process claim and that decision satisfies the requirements for issue preclusion in this case. *Migliore v. Ackerman*, 2013 WL 4079650 at *10-11. First, there was an identity of issues between the procedural due process claim in state court and the procedural due process claim in federal court because the Commonwealth Court considered and "analyzed [the] claim under the familiar constitutional standard of whether Migliore had 'notice and an opportunity to be heard.'" *Migliore v. Ackerman*, 2013 WL 4079650 at *10 (citing Commw. Ct. Decision at *7).[3] Second, a final judgment was issued on the merits (and Migliore subsequently exhausted his appellate rights). Third, Migliore was a party to the Commonwealth Court action. Fourth, "Migliore had a full and fair opportunity to litigate his due process claim before the Commonwealth Court" because he filed both an initial brief and a reply brief, and there was oral argument. *Migliore v. Ackerman*, 2013 WL 4079650 at *11. Accordingly, this Court is bound by the Commonwealth Court's decision that "Migliore was afforded due process." Commw. Ct. Decision at *7.

---

[3] To the extent that Migliore now argues that the Commonwealth Court was evaluating his due process claims under a different standard than this Court would, the Court rejects this argument. The Pennsylvania Supreme Court has held that the procedural due process requirements of the Pennsylvania Constitution "are not distinguishable from those of section 1 of the Fourteenth Amendment to the Federal Constitution." *Best v. Zoning Bd. of Adjustment of City of Pittsburgh*, 141 A.2d 606, 609 (Pa. 1958); *see also Anderson v. City of Philadelphia*, 845 F. 2d 1216, 1219 (3d Cir. 1988) ("The state constitutional claims may be considered equivalent to the federal constitutional claims in this case . . . .") (citing *Best*).

In the Second Motion, Migliore repeats previously raised allegations of error in the Commonwealth Court's analysis, which this Court considered and rejected in its prior decisions. Specifically, Migliore alleges that "[t]he procedural safeguards stated in Sections 11-1151, 11-1127, and 11-1129 [of the Pennsylvania tenure law] are mandatory and not optional. The School District as a state actor, and the individual defendants in their personal capacities did not comply with those procedural safeguards. Thus, they deprived plaintiff of his federally protected constitutional rights." Second Motion for Reconsideration at 13. The Court rejects this argument.

A violation of Pennsylvania tenure law is not a per se violation of the Fourteenth Amendment due process clause, which guarantees Migliore, as the Commonwealth Court held, "notice and an opportunity to be heard." The protections required by the Constitution are not contiguous with the protections of the tenure law and, as the Commonwealth Court concluded, a failure to comply with the procedures guaranteed by the tenure law is not necessarily a violation of due process. A due process claim requires a separate analysis of the property interest and the procedures appropriate to protect that interest balanced with the state's interests. *See Riccio v. County of Fairfax, Va.*, 907 F.2d 1469, 1469 (4th Cir. 1990) ("Alleged violations of due process in the deprivation of a protectable interest are to be measured against a federal standard of what process is due and that standard is not defined by state-created procedures, even when those state-created procedures exceed the amount of process otherwise guaranteed by the Constitution."); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) ("[O]nce it is determined that the Due Process Clause applies, the question remains what process is due. The answer to that question is not to be found in the Ohio statute." (citations omitted)).

The Commonwealth Court undertook a separate due process analysis and determined that Migliore received due process. As this Court held in 2013, "a party's disagreement with a

11

decision does not deprive that decision of preclusive effect." *Migliore v. Ackerman*, 2013 WL 4079650 at *11 (citing *Wilbur Chocolate Co., Inc. v. Baker, Confectionary & Tobacco Workers' Int'l Union, Local 464*, 1988 WL 33881 at *5 (E.D. Pa. Mar. 31, 1988)).

Migliore also raises two issues that do not rely on the June 16, 2015, Order or any other intervening change in law or fact, and thus could have been raised in Migliore's First Motion for Reconsideration but were not. As this Court noted in 2014, "a motion for reconsideration is not a proper basis for advancing new arguments inconsistent with those previously taken, absent some compelling circumstance, such as an intervening change in law." *Migliore v. Archie*, 2014 WL 2738222 at *4 (citing *McNeal v. Maritank Phila., Inc.*, 1999 WL 80268 at *4 (E.D. Pa. Jan. 29, 1999)). The Court concludes that these additional arguments, even if properly raised in the Second Motion for Reconsideration, lack merit.

First, Migliore now argues that the Court should not give issue preclusive effect to administrative proceedings before the SRC and the Pennsylvania Secretary of Education in which he did not have the opportunity to raise due process arguments. Second Motion for Reconsideration at 14. However, the Court's grant of summary judgment on the due process claims was based on the issue preclusive effect of the decision of the Commonwealth Court, not the decision of the Pennsylvania state agencies. *See Russo v. City of Philadelphia*, 459 F. App'x 176, 179 (3d Cir. 2012) (holding that Commonwealth Court decision on state constitutional claims could have preclusive effect in later § 1983 action in federal court). The Commonwealth Court independently considered and rejected Migliore's due process arguments. Commw. Ct. Decision at *7. Thus, this argument does not provide grounds for reconsideration in this case.

Second, Migliore spends considerable time in his Second Motion for Reconsideration arguing that claim preclusion is not applicable in this case. Second Motion for Reconsideration at

14-17. However, summary judgment on Migliore's due process claims was granted on the ground of issue preclusion, not claim preclusion, and because the requirements of issue preclusion are met in this case, the Court need not reach the issue of whether claim preclusion would also apply. *Migliore v. Ackerman*, 2013 WL 4079650 at *11. *See Gregory v. Chehi*, 843 F.2d 111, 115-16 (3d Cir. 1988) ("Claim preclusion replaces 'res judicata' and encompasses both merger and bar principles in giving dispositive effect in a later action to a prior judgment. Issue preclusion now substitutes for 'collateral estoppel' . . . [and] bars relitigation only of an issue identical to that adjudicated in the prior action."). Accordingly, this argument also does not provide grounds for reconsideration in this case.

For all of the foregoing reasons, the Court finds no clear error of law or fact in the Memorandum and Order dated August 12, 2013, concluding that Migliore's due process claims are precluded by the 2013 decision of the Commonwealth Court.

### IV.    CONCLUSION

The Second Motion for Reconsideration is untimely and can be denied for that reason alone. Nevertheless, the Court addresses the merits and concludes that there are no grounds asserted in the Motion which warrant reconsideration of the Memorandum and Order dated August 12, 2013. Thus, plaintiff's Motion for Reconsideration of His Due Process Clause Claims is denied. An appropriate order follows.